### MAX R. ROST *vs.* SAVINO SALERNO.

Suffolk.   March 4, 1930. — May 28, 1930.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Unfair Competition. Equity Jurisdiction*, To restrain unfair competition. *Res Judicata.*

In a suit in equity to restrain the defendant from using, on goods sold by him, a label reasonably to be mistaken for a label used by the plaintiff and recorded by him under G. L. c. 110, § 8, the issue, whether the two labels were so nearly alike that the defendant's label would be likely to deceive the public, was one of fact; and a finding in the

plaintiff's favor by the trial judge, not appearing to be clearly wrong or contrary to law, could not be disturbed upon an appeal by the defendant without a report of the evidence.

It appeared in the suit in equity above described that there had been previous suits in equity between the parties concerning their rights to the use of their labels, in which findings had been made and decrees entered in favor of the present plaintiff; and that no appeal had been taken from those decrees. *Held,* that the right of the present plaintiff to the use of his label was *res judicata* and could not be questioned by the defendant in the present suit.

A final decree was entered in the suit in equity above described enjoining the defendant from using his label or a label similar to that of the plaintiff. The defendant contended that the effect of the decree was to deny to him the use of a certain word in his label which he had used in his trade name for a long time. *Held,* that such contention was without merit: the defendant was not prevented from using that word so long as he did not use it in a label so designed and worded as to be mistaken for the plaintiff's label.

BILL IN EQUITY, filed in the Superior Court on October 29, 1928, to restrain the defendant from using, in connection with sales of malt syrup, a certain label or any label similar to that of the plaintiff.

The suit was heard by *Bishop,* J., who found that the defendant had been engaged in the sale of flavoring extracts for many years under the name "Victory Extract Company" and, in 1920, had secured certificates under statutory provisions (now G. L. c. 110, § 8) for the use of a label containing the word "Victory"; that he had not sold malt extract previous to 1927; that in 1927 the plaintiff, who had been selling malt syrup since 1923 or 1924, secured a certificate under said c. 110 for the use of a label containing the words "Victory Brand Malt Syrup"; that in 1927 the defendant commenced to sell malt syrup in cans bearing his label; that in 1928 each party had commenced a suit in equity against the other relative to their labels; that findings were made and final decrees entered in those suits; that, subsequent to such decrees, the defendant began to use, on his cans of malt syrup, a label containing the words "Victory Extract Company's Malt Extract"; and that the use of such label by the defendant would lead an ordinary person to suppose that the product sold was that of the plaintiff. The judge ruled that the findings

and rulings in the previous suits were binding in the present suit so far as applicable; and that therefore the plaintiff's use of his label was not an infringement of the defendant's label containing the word "Victory" nor of the use by him of the trade name "Victory Extract Company." A final decree was entered by order of the judge restraining the defendant from selling malt syrup with a label containing the words "Victory Extract Company's Malt Extract" or with a label similar to that of the plaintiff. The defendant appealed. The evidence was not reported.

The case was submitted on briefs.

*F. M. Zottoli*, for the defendant.

*J. M. Duffy*, for the plaintiff.

WAIT, J. This is a bill in equity to restrain the defendant from the use of a label reasonably to be mistaken for a label recorded by the plaintiff under G. L. c. 110, § 8. The fundamental issues in such a proceeding are whether the plaintiff has the right which he asserts, and whether the label of the defendant so nearly resembles the label recorded that it is likely to deceive as a counterfeit or imitation of the plaintiff's. The latter issue is one of fact. Where, as here, the evidence is not reported, the finding of the trial judge will not be disturbed unless clearly wrong or contrary to law. *Sullivan* v. *Roche*, 257 Mass. 166. *Corkum* v. *Clark*, 263 Mass. 378, 382.

The right of the plaintiff to the label he set out, as against the defendant, had been decided in earlier proceedings between them. Neither party appealed from the decree then entered. The right was adjudicated. It was not open to the defendant to challenge it. Nor could he thereafter question the decision that the label used by him and denounced by the decree was an infringement. He modified it; and this suit resulted. It was open to him to show, if he could, that the modified label was free from the characteristics declared to be wrongful by the earlier decree. He has failed. He contends that the effect of the decree is to deny him the use of the word "Victory," which he has long used in his trade name. In this he is wrong. No right to

that word was given to the plaintiff. The defendant's use of it as he pleases is not affected as long as he does not use it in a label so designed and worded as to be mistaken for the label of the plaintiff. His difficulty is that a finding of fact by a competent tribunal has again established that he is using a label which is a wrongful invasion of the right of the plaintiff. We cannot disturb that finding.

*Decree affirmed with costs.*