JENNEY MANUFACTURING COMPANY *vs.* LEADER FILLING STATIONS CORPORATION.

Suffolk.    May 17, 1935. — June 27, 1935.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Trade Name.    Unlawful Interference.*

The continued use by a dealer for ten years of the word "Aero" in marketing gasoline could be found to have given the word a secondary meaning to the public as identifying his product; and such dealer was entitled to equitable relief enjoining use of the word, against another dealer in gasoline whose limited use of the word in marketing his product, though beginning earlier than the plaintiff's, had not given it that secondary meaning to the public.

BILL IN EQUITY, filed in the Superior Court on May 25, 1932.

The proceedings are described in the opinion. The interlocutory decree confirming the master's reports was entered by order of *Pinanski,* J., and the final decree by order of *Weed,* J.

*C. J. Goldman,* for the defendant.

*F. L. Norton,* (*M. Jenney* with him,) for the plaintiff.

PIERCE, J.   This is a suit in equity brought by the plaintiff against the defendant to establish the plaintiff's exclusive right to use the word "Aero" as a trade name in the manufacture, sale and distribution of gasoline, and to restrain the defendant from using that word. The defendant by counterclaim seeks to establish for itself an exclusive right to the use of said name and to restrain the plaintiff

from using the same word. The defendant seeks a restraining order and damages; the plaintiff seeks a restraining order only. The case was referred to a master who was directed to report his findings of fact upon all issues raised by the pleadings except the issue of damages. The master filed a report to which the defendant filed twelve objections and a motion to recommit. The judge ordered a recommittal to the master "without hearing further evidence, to append to his report a brief, accurate and fair summary of the evidence which relates to the findings appearing as being numbered three, four, seven and ten in the Defendant's Objections to Master's Report." The master made a "Report of Re-commitment," and an interlocutory decree was entered, wherein the defendant's first, second and sixth objections to the master's original report were sustained, the remaining objections were overruled, and the report as modified and the "Report of Commitment" were confirmed. The defendant appealed from the interlocutory decree. Thereafter the case was heard upon the master's report as modified and his "Report of Re-commitment" and a final decree was entered dismissing the defendant's counterclaim, establishing the plaintiff's right to the trade name "Aero" as prayed for, and perpetually enjoining the defendant from using the word "Aero" alone or in conjunction with other words in connection with gasoline, and from so using any other words or combination of words in imitation thereof throughout the States of Maine, New Hampshire, Massachusetts and Rhode Island. From this decree the defendant appealed.

The pertinent facts in the master's report and recommittal report are as follows: One Burwen began a gasoline and oil business in 1916, distributing the same at a filling station or stations. In 1919 he entered into a copartnership with one Milhendler under the firm name Leader Oil Company. In 1924 the defendant corporation was organized, and it purchased all the assets of the partnership including its good will. Burwen, the defendant's predecessor, used and was the first to use the word "Aero" as applied to gasoline, but did not use "Aero" exclusively or rely en-

tirely upon the word "Aero" as being applied to the high grade gasoline he was marketing, and he did not intend when he first began to use it, in 1921, to appropriate the name "Aero" or "Aero gasoline" as a trade name. In November, 1921, the Leader Oil Company advertised the sale of one type of high powered gasoline under three names — "Aeroplane gasoline," "Aviation gasoline" and "Aero gasoline." Burwen and the defendant, after its incorporation in 1924, continued to sell the same type of gasoline under the three names until 1927, when the company abandoned the use of the two alternative names, reserving that of "Aero" to apply to such gasoline as it offered the public. The plaintiff corporation is and has been a manufacturer, distributor and dealer in gasoline, motor oils, fuel oils and other petroleum products for more than thirty-five years, selling such products at wholesale and retail throughout eastern New England. In December, 1922, it adopted the word "Aero" in its sale of fuels for motor travel to designate a gasoline of superior quality and efficiency, and in the meantime by advertising and by other means of publicity has created "a public demand for said 'Aero' throughout the states of Maine, New Hampshire, Massachusetts and Rhode Island as applied to gasoline and . . . a large, profitable and progressive business in said gasoline under said name . . . and the word 'Aero' as applied to gasoline . . . [has become] well known to consumers as a type of gasoline of premium quality . . . identified with the general public and dealers in gasoline . . . as applied to gasoline and the Jenney Manufacturing Company." The master states "that the earlier use of the word 'aero' by the defendant" or its predecessor, "with the limited extent and character of its use by the defendant, was not such as to require the inference that those words had acquired the secondary meaning claimed by the defendant," and "I find it did not acquire such meaning." On the other hand, the master found that the plaintiff in the latter part of 1922 "conceived and adopted the word 'aero,' as a trade name to be applied to a type of gasoline, so treated, by a secret process of the plaintiff, as to create a gasoline of

high quality and efficiency to be used as a motor fuel for automobiles." He found that the word was advertised extensively by means of signs placed at gasoline stations, lettering on pumps, circulars and later by newspaper and radio publicity; and that by reason of this campaign the general public in New England has come to associate the plaintiff's gasoline with the word "Aero."

He found by inference, and the trial judge found that his conclusions or inferences are not inconsistent with or unwarranted by his other findings, that the defendant knew of the plaintiff's use of the word "Aero" as early as 1924, and that the defendant made no protest to the plaintiff. He specifically found that the plaintiff was in ignorance of the use of the word "Aero" by the defendant until three or four weeks prior to the commencement of this suit.

The controversy is whether the word "Aero" was used in such a manner by the defendant or its predecessor as to justify the defendant in its claim for protection against the use of the name by the plaintiff. If the name was so used it is immaterial that the plaintiff has made a more extensive use of it over a wider territorial area than the defendant or used it in ignorance of the defendant's right to use it. *Regis* v. *H. A. Jaynes & Co.* 185 Mass. 458, 462. The trial judge states that the parties at the argument before him proceeded upon the theory, not that the word "Aero" in connection with the sale of gasoline by the plaintiff or defendant was subject to exclusive appropriation as a trade mark but rather that that word had acquired a secondary meaning in connection with the sale of gasoline, each party contending that the word designated a certain brand of gasoline sold by it. In view of the master's finding to the effect that the word "Aero" in connection with other words is in common use, it would appear that the theory adopted by the parties at the argument before the trial judge and before this court is sound, and that the case should be considered on that theory. *Cohen* v. *Nagle,* 190 Mass. 4, 8, 14. *George G. Fox Co.* v. *Glynn,* 191 Mass. 344, 349. *French Republic* v. *Saratoga Vichy Spring Co.* 191 U. S. 427.

It is settled that a word or device in common use, which

is not susceptible of being a technical trade mark because generic or descriptive, may nevertheless be used in such a manner as to confer on the user the right to be protected against a subsequent similar use by a competitor in marketing a similar product. *American Waltham Watch Co.* v. *United States Watch Co.* 173 Mass. 85, 87. *George G. Fox Co.* v. *Glynn*, 191 Mass. 344, 349, 350. *Grocers Supply Co.* v. *Dupuis*, 219 Mass. 576, 578, 579. *Rost* v. *Salerno*, 271 Mass. 492, 494, 495. The defendant relies in large measure upon its priority in the use of the word as establishing its right in the matter. But the mere origination or adoption of a word or mark does not without more confer a right to prevent its use by others. *Burt* v. *Tucker*, 178 Mass. 493, 500. *C. A. Briggs Co.* v. *National Wafer Co.* 215 Mass. 100, 109. *United Drug Co.* v. *Theodore Rectanus Co.* 248 U. S. 90, 97. *Levy* v. *Waitt*, 61 Fed. Rep. 1008, 1011. *Manitou Springs Mineral Water Co.* v. *Schueler*, 239 Fed. Rep. 593, 602. In the case of a technical trade mark there must be a use in such circumstances as to publicity and length of time as to show an intention to adopt the word or symbol as a trade mark. *Brower* v. *Boulton*, 58 Fed. Rep. 888. *Kohler Manuf. Co.* v. *Beeshore*, 59 Fed. Rep. 572, 576. *Richter* v. *Reynolds*, 59 Fed. Rep. 577, 579. *Levy* v. *Waitt*, 61 Fed. Rep. 1008. In the case of a word not subject to exclusive appropriation there may be such a use in connection with a product as to attach to the word a secondary meaning, through association, as denoting the product of the user. *Cohen* v. *Nagle*, 190 Mass. 4, 9. *George G. Fox Co.* v. *Glynn*, 191 Mass. 344, 349, 350. *Giragosian* v. *Chutjian*, 194 Mass. 504, 506. *Manitou Springs Mineral Water Co.* v. *Schueler*, 239 Fed. Rep. 593, 601. *Chadron Opera House Co.* v. *Loomer*, 71 Neb. 785, 787. See Nims, Unfair Competition (3d ed.) §§ 36, 37. It is obvious that to make out a right or rights predicated on the use of a word not subject to exclusive appropriation as a trade mark, a more extensive use must be shown than the use of a word or design which is subject to exclusive appropriation. See *Barton* v. *Rex-Oil Co.* 288 Fed. Rep. 878, 882; *S. C.* 2 Fed. Rep. (2d) 402, 405. In the case at bar the master found as a fact and the trial

judge ruled that the defendant had not attached a proper secondary meaning to the word by its and its predecessor's "vacillating" use of the word "Aero." The use of the word was a question of fact primarily, see *Simoneau* v. *Landry,* 242 Mass. 578, 580. The master's finding that the plaintiff had attached a secondary meaning to the word "Aero" is amply justified. Nor does the fact that the defendant had made a prior use of the word preclude such a result. *Noera* v. *H. A. Williams Manuf. Co.* 158 Mass. 110, 111. *C. A. Briggs Co.* v. *National Wafer Co.* 215 Mass. 100. We agree with the trial judge that the issue presented is one not merely of priority of use but rather of superiority of right to the protection of the court in the use of said word in the sale of gasoline. The defendant has not argued in its brief any point not covered by this opinion. It is unnecessary to consider the point argued by the plaintiff that the decree should not be modified so as to allow the defendant some use of the word "Aero."

*Interlocutory decree affirmed.*

*Final decree affirmed with costs.*