F. HOWARD JACKMAN *vs.* CALVERT-DISTILLERS CORPORATION OF MASSACHUSETTS & others.

Suffolk.     November 15, 1939. — July 1, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Trade Mark. Trade Name. Equity Jurisdiction,* To enjoin infringement of trade mark or trade name. *Corporation,* Succeeding corporation.

A trade mark or trade name can have no existence unconnected with some business in which it is used, and cannot be assigned to one who bears no relation to that business as successor or otherwise.

Any right acquired by a registration by a corporation under G. L. (Ter. Ed.) c. 110, § 8, of a word as a label for whiskey and an assignment thereof to an individual controlling the corporation was subordinate to a right thereafter acquired by another corporation through its use of the name in connection with its whiskey business, where it appeared that neither the first corporation nor its assignee ever engaged in the whiskey business although the assignee after the assignment made a few colorable and illegal sales of whiskey upon advice of counsel.

BILL IN EQUITY, filed in the Superior Court on September 8, 1938, against Calvert-Distillers Corporation of Massachusetts.

Maryland Distillery, Inc., and The Calvert Distilling Co., Maryland corporations, on a joint petition by them and the defendant Calvert-Distillers Corporation of Massachusetts, were made defendants, and the three defendants then joined in an answer in counterclaim.

A final decree was entered after a hearing by *M. Morton,* J. The plaintiff appealed.

*M. H. Sullivan,* (*J. F. Sullivan* with him,) for the plaintiff.

*L. A. Janney,* (*C. Ryan* with him,) for the defendant.

LUMMUS, J. This controversy concerns the right to use in Massachusetts the word Calvert as a trade mark or trade name for whiskey. For the meaning of those expressions, see *George G. Fox Co.* v. *Glynn,* 191 Mass. 344, 352; *American Steel Foundries* v. *Robertson,* 269 U. S. 372, 380; *Neva-Wet Corp. of America, Inc.* v. *Never Wet Processing Corp.* 277 N. Y. 163, 169; Nims, Law of Unfair Competition & Trade-Marks (3d ed. 1929) §§ 198, 199; Chafee, 53 Harv. L. Rev. 1289, 1297, 1298; Handler & Pickett, 30 Columbia L. Rev. 168, 759.

The plaintiff sought to restrain the use of that word by the defendant Calvert-Distillers Corporation of Massachusetts. His bill was dismissed. The interveners Maryland Distillery, Inc., and The Calvert Distilling Company on their counterclaims under Rule 32 of the Superior Court (1932) obtained a final decree, establishing their right to the use of the word Calvert as a trade mark for whiskey, and restraining any use of it by the plaintiff. The plaintiff appealed. The case comes here upon findings and rulings that appear to be neither complete nor made under the statute (G. L. [Ter. Ed.] c. 214, § 23; *Birnbaum* v. *Pamoukis,* 301 Mass. 559), and upon a report of all the evidence. G. L. (Ter. Ed.) c. 214, § 24. Rule 76 of the Superior Court (1932).

The word Calvert is primarily a family name. To give the right to use it in a particular business and to exclude another from a similar competing use, the word must have acquired such a secondary meaning indicative of the business or its product that the use of the word by another

would constitute unfair competition. *American Waltham Watch Co.* v. *United States Watch Co.* 173 Mass. 85. *C. A. Briggs Co.* v. *National Wafer Co.* 215 Mass. 100. *Kaufman* v. *Kaufman,* 223 Mass. 104. *Economy Food Products Co.* v. *Economy Grocery Stores Corp.* 281 Mass. 57, 60, 61. *Jenney Manuf. Co.* v. *Leader Filling Stations Corp.* 291 Mass. 394. *General Fruit Stores, Inc.* v. *Markarian,* 300 Mass. 90.

The plaintiff concedes that for many years and up to the advent of national prohibition in 1919 (Act of November 21, 1918, c. 212, 40 U. S. Sts. at Large, 1045; Amendment 18 to the Constitution of the United States; *Hamilton* v. *Kentucky Distilleries & Warehouse Co.* 251 U. S. 146) the word Calvert was a trade mark for whiskey of Maryland Distilling Company, was registered as such by that company under Federal law, was used by that company as such in interstate commerce, and had acquired a secondary meaning indicative of whiskey produced by that company.

In 1921 that company was liquidated and dissolved. But its trade marks remained as undistributed assets in the hands of its surviving directors who under Maryland law were trustees for the stockholders. The use of the trade mark in question was suspended during national prohibition, by force of law, but without any intent to abandon the trade mark. We need not consider whether Maryland Distilling Company, had it remained in existence, could have revived it.[1] In 1933, when the national prohibition amendment was about to be repealed, one of the two surviving directors took part in the formation of Maryland Distillery, Inc., and assumed to convey to it the undistributed assets of the old corporation, including its trade marks. The word Calvert was registered by Maryland

---

[1] *Burt* v. *Tucker,* 178 Mass. 493. *Cohen* v. *Nagle,* 190 Mass. 4, 11. *Hannis Distilling Co.* v. *George W. Torrey Co.* 32 App. D. C. 530. *Universal Candy Co.* v. *A. G. Morse Co.* 298 Fed. 847. *Gold Seal Associates, Inc.* v. *Gold Seal Associates, Inc.* 56 Fed. (2d) 452. *Christy* v. *Murphy,* 12 How. Pr. (N. Y.) 77. *Rockowitz C. & B. Corp.* v. *Madame X Co. Inc.* 248 N. Y. 272. *Neva-Wet Corp. of America, Inc.* v. *Never Wet Processing Corp.* 277 N. Y. 163. *Beech-Nut Packing Co.* v. *P. Lorillard Co.* 273 U. S. 629. *Corkran, Hill & Co. Inc.* v. *A. H. Kuhlemann Co.* 136 Md. 525.

Distillery, Inc., as a trade mark for whiskey under Federal law on October 9, 1934, on the strength of its use by the old corporation before its dissolution and by the new corporation since August, 1934, in Maryland, in Massachusetts, and in interstate commerce. Maryland Distillery, Inc., organized its subsidiary The Calvert Distilling Company, and transferred to it the trade mark in question. The latter company organized another subsidiary, Calvert-Distillers Corporation of Massachusetts, to aid in selling its whiskey in this Commonwealth. All three corporations are controlled by another holding corporation.

A trade mark or trade name, indicating that goods are manufactured or sold by a certain business organization (*Nelson* v. *J. H. Winchell & Co.* 203 Mass. 75, 82) can have no existence in gross, unconnected with some business in which it is used. *Chadwick* v. *Covell,* 151 Mass. 190. *Weener* v. *Brayton,* 152 Mass. 101, 102, 103. *Covell* v. *Chadwick,* 153 Mass. 263. *Jenney Manuf. Co.* v. *Leader Filling Stations Corp.* 291 Mass. 394, 398. *United Drug Co.* v. *Theodore Rectanus Co.* 248 U. S. 90, 97. *American Steel Foundries* v. *Robertson,* 269 U. S. 372, 380. Fairness to the consuming public requires the rule that a trade mark or trade name cannot be assigned to one who has no connection with that business as successor or otherwise. *A. Bourjois & Co. Inc.* v. *Katzel,* 260 U. S. 689, 692. *Ph. Schneider Brewing Co.* v. *Century Distilling Co.* 107 Fed. (2d) 699, 703. The business of the defendants, in our opinion, has too tenuous a connection with the preprohibition business of Maryland Distilling Company to constitute the defendants the successors of that company or its business. See *La Fayette Brewery, Inc.* v. *Rock Island Brewing Co.* 87 Fed. (2d) 489. *Kelly Liquor Co.* v. *National Brokerage Co. Inc.* 102 Fed. (2d) 857. The defendants have a right to the word Calvert as against anyone not having a better right, but their right dates only from August, 1934.

The right claimed by the plaintiff arises out of his registration under Massachusetts law in November, 1933, in the name of a corporation controlled by him, of the word

Calvert as a label for whiskey, and a later assignment to him personally of the right to that label. Neither he nor his corporation had ever been in the whiskey business, nor has either been in that business since. Shortly after the registration, upon advice of counsel other than the counsel representing him in this case, three or four sales of whiskey were made under the Calvert label, to lay a foundation for a claim of use. Those sales were illegal because made without license. The word Calvert never acquired any secondary meaning indicating whiskey sold by the plaintiff or his corporation. Neither had any trade mark or trade name, because neither had any whiskey business. *Jenney Manuf. Co.* v. *Leader Filling Stations Corp.* 291 Mass. 394, 398, 399. *Rockowitz C. & B. Corp.* v. *Madame X Co. Inc.* 248 N. Y. 272, 278, 279. The registration of the "label" under our statute (G. L. [Ter. Ed.] c. 110, §§ 8–15) gave no standing to a trade mark that had no existence apart from registration. *Coca-Cola Co.* v. *Stevenson,* 276 Fed. 1010, 1016. *Armstrong Paint & Varnish Works* v. *Nu-Enamel Corp.* 305 U. S. 315, 322. The right of the defendants, though dating only from August, 1934, is superior to any right of the plaintiff.

The final decree contains express adjudications of right (*Olsen* v. *Olsen,* 294 Mass. 507, 508; *Gulesian* v. *Newton Trust Co.* 302 Mass. 369) which are inconsistent with this opinion.[1] That decree must therefore be reversed. But a final decree is to be entered dismissing the bill and giving the defendants relief on their counterclaims, with costs to them.

*Ordered accordingly.*

---

[1] A paragraph of the decree read as follows: "3. The ownership and good will of the name 'Calvert' was not abandoned either in law or fact by The Maryland Distilling Company, but passed to its successors the defendants Maryland Distillery, Inc. and The Calvert Distilling Co.; and they thereby have acquired trade mark rights in said name 'Calvert.'" — REPORTER.