GOULD ENGINEERING COMPANY *vs.* ROBERT J. GOEBEL
& another.

Middlesex.    May 6, 1946. — September 16, 1946.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Trade Name.    Corporation,* Name.    *Unlawful Interference.    Unfair Competition.    Sale,* Of trade name, Of business.    *Trade Mark.*

A sale of an oil burner manufacturing business as a going concern transferred to the purchaser a right previously acquired by the seller to protection of his use of a trade name and a trade symbol which had come to have a meaning in the trade as signifying the burner manufactured by him; and the purchaser was entitled to proper injunctive relief against a third person's selling under that name burners not made in that business.

In a suit in equity by a manufacturer of oil burners having the right to use a certain trade name in connection with his burners, a decree enjoining the defendant from selling under that name burners other than "those made by the plaintiff" should be modified so as to permit the defendant to sell under that name second hand burners made by previous proprietors of the plaintiff's manufacturing business having the right to use the name.

Upon facts found by a master respecting a sale of an oil burner manufacturing business including a right of the seller to use the name "Gould" as meaning the burners so manufactured, but with a reservation by the seller of the right to sell oil burners, a successor of the purchaser, as plaintiff in a suit in equity, was not entitled to have an assignee of the seller enjoined "from engaging in the oil burner business under any name a part of which is the name 'Gould.'"

A corporation called "Gould Engineering Company," plaintiff in a suit in equity against a corporation called "Gould Burner and Appliance Company" to enjoin the defendant from using the name "Gould" in its business, was not entitled to relief on the ground of substantial likelihood of confusion between the corporations where findings by a master disclosed that both parties sold oil burners to dealers, but not to the public, in the same territory.

The plaintiff in a suit in equity, a manufacturer of oil burners having the exclusive right to the use of a certain trade mark in connection with his burners, upon facts found by a master was entitled to have the defendant enjoined from the use of the mark in connection with the defendant's sale of oil burners, but was not entitled to have him enjoined from using it in connection with an oil selling business which he had acquired from a predecessor who was also the plaintiff's predecessor in the burner business.

The registration of a trade mark under G. L. (Ter. Ed.) c. 110, § 8, did not give the registrant any rights as to its use which he did not have at common law.

BILL IN EQUITY, filed in the Superior Court on February 19, 1941.

Following confirmation of a master's report, a final decree was entered by order of *Good*, J.

*A. M. MacNeil*, for the defendants.

*H. B. Zonis*, for the plaintiff.

LUMMUS, J.   The defendants Robert J. Goebel and Gould Burner and Appliance Company, which was formed by Goebel, have appealed from a final decree enjoining them against selling oil burners, not made by the plaintiff, under the name of Gould; against using in the oil burner business the name of Gould; against leading the public to believe that they are connected with the plaintiff or deal in the plaintiff's products; and against using a symbol, consisting of a picture of an oil burner within the capital letter G, which symbol has been used by the plaintiff and has come to signify that goods are the product of the plaintiff.   The facts appear in the report of a master, which was confirmed upon the overruling of the exceptions of each party.   There was no appeal from the interlocutory decree overruling the exceptions and confirming the report.

In 1934 Joseph E. Gould, a manufacturer of oil burners for heating buildings and a dealer in fuel oil, formed a corporation called Gould Oil Burner Company, and through it continued both kinds of business.   In 1935 the business and assets of that corporation were transferred to Gould Oil Burner Corporation, a new corporation controlled by Gould. In 1936 the oil selling business was split off and transferred to Gould Oil Sales Corporation, a new corporation controlled by Gould.   As early as 1935 Gould caused his then existing corporations to begin the use in newspaper advertisements, on corporate stationery, and on oil delivery trucks, of the symbol already described, as a designation of their products and their business.

On September 29, 1937, Gould Oil Burner Corporation transferred to one Regnier "the exclusive right to manufacture and sell oil burners under the name of Gould," together with all machinery, tools and patterns, in consideration of a sort of royalty of $2 for each burner made until

Regnier should within two years pay $8,649.59. The corporation was to have the right to repurchase what it transferred if Regnier should quit manufacturing within two years. The corporation reserved the exclusive right to sell burners "within a fifteen-mile radius of metropolitan Boston." [1] Regnier paid the full amount of $8,649.59 within the two years, and soon after transferred his business to Gould Engineering Company, a new corporation formed by him, which is still carrying on the business.

On October 1, 1937, Gould Oil Burner Corporation assigned to the defendant Goebel and one Fogg, the latter of whom retired the next year, "the exclusive selling right of the Gould oil burner within a fifteen-mile radius of metropolitan Boston," for five years. On the termination of the contract the assignees were to lose the right to use the word Gould. On May 31, 1940, Goebel, the remaining assignee, transferred his business to Gould Burner and Appliance Company, a new corporation controlled by him.

All these individuals and corporations, so far as they existed, used the name Gould and also the symbol already described, without any objection, until after September 29, 1939. In October, 1938, Gould caused to be transferred to Gould Fuel Oil Corporation, a new corporation controlled by him, all the assets and business of Gould Oil Sales Corporation and all rights of Gould Oil Burner Corporation under the contract with Regnier of September 29, 1937, and under the contract with Goebel and Fogg of October 1, 1937.

Shortly after September 29, 1939, a dispute arose between Regnier and Goebel as to whether Regnier had a right to sell oil burners in metropolitan Boston except through Gould Fuel Oil Corporation, and as to whether Goebel (later Gould Burner and Appliance Company) had a right to use the name Gould in selling oil burners in metropolitan Boston and its vicinity. After a hearing on the merits of a bill in equity to which Gould Fuel Oil Corporation was plaintiff, and

---

[1] The language of this reservation was as follows: "It is understood that Mr. Regnier will not sell any oil burners within a fifteen-mile radius of Metropolitan Boston except such as may be sold through the Gould Oil Burner Corporation." — REPORTER.

Regnier and his Gould Engineering Company were defendants, a final decree was entered in the Superior Court on July 25, 1940, dismissing the bill. The decree was founded on the theory that the defendants in that case were not bound, after the two year period from September 29, 1937, had expired, to refrain from selling burners in metropolitan Boston directly to customers. Neither Goebel nor his Gould Burner and Appliance Company was a party to that suit at the time of the final decree. On August 2, 1940, shortly after the entry of that final decree, the receiver of Gould Fuel Oil Corporation, pursuant to a decree of the Superior Court in receivership proceedings with respect to Gould Fuel Oil Corporation, which was the plaintiff in the suit in which the bill was dismissed on July 25, 1940, sold to Goebel for $1,000 "all the right, title and interest of said corporation in and to" certain described tangible assets, "accounts receivable, service contracts and the good will of said corporation."

After September 29, 1939, Goebel continued to sell Gould burners in metropolitan Boston, obtaining the burners from Regnier and his Gould Engineering Company. After Goebel transferred his business to his corporation Gould Burner and Appliance Company on May 31, 1940, that corporation continued to use the name Gould and the symbol already described. The continued use of the word Gould and the symbol caused an objection to be made by Regnier and Gould Engineering Company on September 3, 1940. As a result no sales to Goebel or his corporation were made after November 15, 1940. But Goebel and his corporation have continued to sell to dealers in metropolitan Boston burners which they have bought from other manufacturers, and have continued to use the name Gould and the same symbol or another symbol very like it. Goebel's corporation has also engaged in the business of selling fuel oil, at first by turning its orders over to Gulf Oil Company to be filled, and then after the assignment of August 2, 1940, from the receiver of Gould Fuel Oil Corporation by buying the oil from Gulf Oil Company, as had Gould Fuel Oil Corporation, and delivering it in its own trucks, which were marked with the name

Gould and the symbol.  On September 30, 1940, Gould Burner and Appliance Company caused the said symbol with the name Gould beneath it to be registered with the Secretary of the Commonwealth as its label, stamp and form of advertisement under G. L. (Ter. Ed.) c. 110, § 8, certifying that it had been in use since January 1, 1931.

The master found that the name Gould and the symbol had acquired a meaning in the oil burner trade as signifying the burner manufactured by Gould and his successors. Gould was entitled to protection for both the name and the symbol.  *S. M. Spencer Mfg. Co.* v. *Spencer*, 319 Mass. 331. He could transfer his right in the name and the symbol with respect to the manufacturing business that he conveyed while retaining the right to both in the oil selling business that he kept for himself.  *Associated Perfumers, Inc.* v. *Andelman*, 316 Mass. 176, 183.  Gould's right to protection for both the name and the symbol in his oil burner manufacturing business passed successively to Gould Oil Burner Company, Gould Oil Burner Corporation, Regnier, and Gould Engineering Company, with the successive transfers of the assets and business as a going concern.  *Hoxie* v. *Chaney*, 143 Mass. 592, 594, 595.  *Nelson* v. *J. H. Winchell & Co.* 203 Mass. 75, 82.  *Canadian Club Beverage Co.* v. *Canadian Club Corp.* 268 Mass. 561, 568.  *Associated Perfumers, Inc.* v. *Andelman*, 316 Mass. 176, 182.  *Broeg* v. *Duchaine*, 319 Mass. 711.  *E. F. Prichard Co.* v. *Consumers Brewing Co.* 136 Fed. (2d) 512, 518, 519, certiorari denied sub nomine *Consumers Brewing Co.* v. *E. F. Prichard Co.* 321 U. S. 763.

The first paragraph of the final decree, restraining the defendants "from selling or offering to sell any oil burners other than those made by the plaintiff, under the trade names of 'Gould' or 'Gould Burner,'" is to be modified by inserting after the word "plaintiff" the words "or one of its predecessors in the business of manufacturing oil burners." This change is intended to permit the defendants to sell as Gould burners second hand burners that are authentic Gould burners because made by manufacturers who had undoubted right to use the name Gould as descriptive of

burners made by them.  *California Wine & Liquor Corp.
v. William Zakon & Sons, Inc.* 297 Mass. 373, 379, 380.

The second paragraph of the final decree restrained the
defendants "from engaging in the oil burner business under
any name a part of which is the name 'Gould.'"   When
Gould Oil Burner Corporation conveyed the manufacturing
business to Regnier in 1937 it expressly retained the right
to sell oil burners, and Regnier agreed not to compete with
it "within a fifteen-mile radius of metropolitan Boston."
Even if that agreement not to compete were held to expire
in two years, nothing in the contract of sale deprived Gould
Oil Burner Corporation of its right to sell oil burners, pro-
vided it did not misrepresent burners made by manufac-
turers other than Regnier and his successor corporation to
be Gould burners.   The defendants acquired the right that
Gould Oil Burner Corporation retained, to sell oil burners,
through the assignment of October 1, 1937, by Gould Oil
Burner Corporation to Goebel and Fogg of the right to sell
oil burners;  the assignment of October 18, 1938, by Gould
Oil Burner Corporation to Gould Fuel Oil Corporation of
the benefits of the Regnier and the Goebel and Fogg con-
tracts;  and the assignment by the receiver of Gould Fuel
Oil Corporation to Goebel of the good will of that corpora-
tion.   The defendants have used the word "Gould" sub-
stantially as long as the plaintiff.  Regnier and the plaintiff
knew for a long time after they had acquired the manu-
facturing business that the defendants were selling oil burn-
ers under a corporate name that included the name Gould,
and made no objection.   The contractual limit of five years
for the use of the name Gould by the defendants was con-
tained in a contract with Gould Oil Burner Corporation,
and cannot be enforced by the plaintiff, to say nothing of
the fact that the rights of Gould Oil Burner Corporation
under that contract apparently have passed to the defend-
ants.   In their business of selling oil, the defendants plainly
have the right to use the word Gould.

The plaintiff does not contend that it has been injured
or is likely to be injured in any way other than by a loss of
trade that may result through a confusion in competition

for patronage of its name Gould Engineering Company with the name of the defendant corporation Gould Burner and Appliance Company. No finding of actual confusion appears. Both parties sell to dealers rather than to the public, and dealers are unlikely to be confused. A substantial likelihood of confusion injurious to the plaintiff must be shown in order to warrant injunctive relief. In many cases no such confusion has been found even where the names have had fully as much similarity as those in this case. *First National Stores Inc.* v. *First National Liquor Co.* 316 Mass. 538. *Silbert* v. *Kerstein,* 318 Mass. 476. The final decree is to be modified by the elimination of the second paragraph.

The defendants make no objection to the third paragraph of the final decree, which in substance enjoins against misrepresentation.

The fourth paragraph of the final decree restrains the defendants from using the symbol in their business. Plainly they have a right to use it in their oil selling business, in which it has been used by Gould and his successors from the time when it was adopted. It was a trade mark of the oil selling business as well as of the oil burner business. When the former business passed to the defendants the trade mark passed to them with it. *Hoxie* v. *Chaney,* 143 Mass. 592, 594, 595. *Nelson* v. *J. H. Winchell & Co.* 203 Mass. 75, 82. *Canadian Club Beverage Co.* v. *Canadian Club Corp.* 268 Mass. 561, 568. *Associated Perfumers, Inc.* v. *Andelman,* 316 Mass. 176, 182. *Broeg* v. *Duchaine,* 319 Mass. 711. *E. F. Prichard Co.* v. *Consumers Brewing Co.* 136 Fed. (2d) 512, 518, 519, certiorari denied sub nomine *Consumers Brewing Co.* v. *E. F. Prichard Co.* 321 U. S. 763. It is immaterial that the same symbol passed to the plaintiff as a trade mark of the oil burner manufacturing business. *Associated Perfumers, Inc.* v. *Andelman,* 316 Mass. 176, 183. The plaintiff has an exclusive right to the symbol only as applied to oil burners. Its right in that respect is not impaired by the fact that the defendants used the symbol for some years prior to November 15, 1940, in connection with an exclusive agency to sell Gould oil burners in metropolitan Boston.

When that agency ceased, any right of the defendants to use that symbol in the oil burner business was at an end. *Cardinal* v. *Taylor*, 302 Mass. 220, 222.

The registration by the defendant corporation of the symbol as a trade mark gave it no right that it did not have at common law. *Jackman* v. *Calvert-Distillers Corp. of Massachusetts*, 306 Mass. 423, 427. *Blair's Foodland Inc.* v. *Shuman's Foodland, Inc.* 311 Mass. 172, 176. *Armstrong Paint & Varnish Works* v. *Nu-Enamel Corp.* 305 U. S. 315. *Dwinell-Wright Co.* v. *National Fruit Product Co. Inc.* 129 Fed. (2d) 848.

The fourth paragraph of the final decree is modified so as to restrain the defendants only "from using in the business of selling oil burners the symbol or any part thereof described or illustrated in Exhibit A annexed to the bill."

As modified by this opinion, the final decree is affirmed.

*So ordered.*