ISAM MITCHELL AND COMPANY, INCORPORATED, *vs.* ANNIE RASTOK & another.

Plymouth.    December 6, 1921. — June 15, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Equity Jurisdiction,* To set aside deed in fraud of creditors, Pending suits for same relief. *Equity Pleading and Practice,* Decree dismissing suit without prejudice, Supplemental bill.

A master, who heard a suit in equity against a man and his wife to set aside a deed given by the man to his wife with a view to defrauding his creditors, of whom the plaintiff was one, found on evidence admitted without objection that, after the deed in question, the plaintiff brought an action at law against the male defendant upon his claim, in which he attached all the male defendant's right, title and interest in all real estate in the county in which the land was situated; that he recovered judgment thereon, that a deputy sheriff then seized and took the interest the man had in the real estate in question on the date of the attachment, sold it upon the execution at public auction in due form to the plaintiff and conveyed it to him; that about three months later the suit in equity was brought, and, while it was pending, the plaintiff began a writ of entry in the Land Court to recover possession of the premises from the de-

fendants, in which the tenants, man and wife, were defaulted, judgment was entered and execution issued; that two consecutive petitions for writs of review were dismissed and finally a duplicate original alias execution was issued as of the same date as the original. *Held,* that

(1) The plaintiff could not get relief in the suit in equity by reliance upon the judgment in the Land Court, and should not be permitted to file a supplemental bill setting up that judgment;

(2) It appearing that the plaintiff was entitled to the title to and possession of the land as against both defendants, he could not maintain the suit in equity to set aside the deed in question so far as necessary in order to protect his interest;

(3) The fact that there was a trial before the master on the merits of the bill did not permit either party to avoid the effect of the judgment upon the writ of entry;

(4) Even if the bill in equity to set aside the deed so far as necessary in order to protect the plaintiff and a writ of entry to recover possession were both available to the plaintiff, it appearing that the writ of entry had been pursued to judgment, the case ought not again to be decided upon the suit in equity with a possible difference in result;

(5) While a decree dismissing the bill might not be a bar to the assertion of any right based upon the judgment of the Land Court, that question ought not to be left in doubt and therefore the plaintiff should be permitted to have a decree dismissing the bill without prejudice to the effect of the proceedings in the Land Court.

BILL IN EQUITY, filed in the Superior Court on May 17, 1916, and afterwards amended, to set aside a deed given by the defendant John Rastok to his wife, the defendant Annie Rastok, on the ground that it was given while he was insolvent for the purpose of hindering, delaying and defrauding his creditors, among whom was the plaintiff.

The suit was referred to a master. Material findings by the master are described in the opinion. The suit was heard on the master's report by *Sisk,* J., by whose order a final decree was entered confirming the report and dismissing the bill with costs to the defendants. The plaintiff appealed.

*W. G. Rowe,* (*R. W. Higgins* with him,) for the plaintiff.

*J. W. Murdoch,* for the defendants.

JENNEY, J. This is a suit in equity in which the plaintiff seeks to set aside a deed given by John Rastok to his wife Annie, in which it is alleged that Rastok while insolvent made the conveyance for the purpose of hindering, delaying, and defrauding his creditors, and specially with the intent of defrauding the plaintiff, and that his wife participated in that purpose. Afterwards the wife mortgaged the property to one Zgmond Norwach, and the

plaintiff avers that this mortgage was delivered and accepted in fraud of creditors. The suit was referred to a master, whose report has been confirmed and a decree entered dismissing the bill generally, from which decree the plaintiff has appealed.

The dismissal of the bill as to Norwach was clearly right. Indeed the plaintiff hardly argues to the contrary. The master found that the mortgage was "a *bona fide* transaction executed in good faith and for a valuable consideration," and this conclusion is well supported by the subsidiary facts.

The deed from John Rastok to his wife was dated June 17, 1915, and was recorded on the day following. On July 28, 1915, the plaintiff sued the husband under the name of John Raustock and attached all his right, title, and interest in all real estate in the county in which the land was situated. He recovered judgment in said action on November 5, 1915, and execution issued thereon on November 16, 1915. See *Pratt* v. *Wheeler,* 6 Gray, 520; G. L. c. 236, § 47. On February 24, 1916, a deputy sheriff seized and took the interest that the said John Raustock had on July 24, 1915 — the day of the attachment — in and to the real estate described in the bill and sold said property to the plaintiff on February 12, 1916, at public auction; all proceedings were in accordance with the statutory provisions governing the sale of land upon execution. By deed dated February 24, 1916, and recorded five days thereafter, the deputy sheriff for the consideration of $869.40 conveyed to the plaintiff all the right, title, and interest which the said John Raustock had on the day of the attachment.

This suit was filed on May 17, 1916. During its pendency and apparently within one year after the return day of the execution hereinbefore referred to, the plaintiff began a writ of entry in the Land Court against both the husband and wife to recover possession of the premises. The tenants were defaulted and judgment entered for the demandant by which it was entitled to seisin of the premises, and execution was issued for its possession, on May 12, 1917. As this execution was returned in no part satisfied, an alias execution was issued on August 28, 1917. Subsequent proceedings in the Land Court are thus described by the master: "Upon petition for a writ of review, after hearing and by agreement, a supersedeas and return of execution were ordered,

and the petition granted on condition that the writ of review be sued out on or before October 1, 1917. This was not done, and on July 20, 1918, the order for supersedeas was vacated. On September 14, 1918, a second petition for a writ of review was dismissed. On October 11, 1918, because of the loss of the original, a duplicate original alias execution was issued as of the same date as the original."

The plaintiff cannot get relief in this suit by reliance upon the judgment in the Land Court. That judgment constitutes a right which came into existence after the commencement of this suit. *Bartlett* v. *New York, New Haven & Hartford Railroad,* 226 Mass. 467, and cases cited. For this reason the plaintiff's motion for leave to file a supplemental bill setting up the judgment of the Land Court was properly denied. Indeed, the plaintiff did not appeal from the decretal order denying that motion.

However, there was no exception taken to the findings of the master as to what had taken place in the Land Court. It does not appear which party offered the evidence, and apparently it was admitted without objection. From the facts found by the master it is clear that the plaintiff is now entitled to title and possession of the land as against Mr. and Mrs. Rastok, and for that reason cannot maintain its bill to set aside the deed so far as necessary in order to protect its interest. Because of this judgment the plaintiff is not entitled to relief of that character. In this respect the case is within the authority of *Edwards* v. *Columbia Amusement Co.* 215 Mass. 125, where the plaintiff sought relief in equity to prevent his ouster by the defendant from premises in which he claimed a leasehold. After the suit was begun the defendant brought against the plaintiff an action of summary process under R. L. c. 181, § 3 (see now G. L. c. 239, § 3), in the Municipal Court of the City of Boston, in which action he obtained a judgment for possession. This judgment was held to bar the suit.

The report must be considered as a whole, and the fact that there was a trial before the master on the merits of the bill does not permit either party to avoid the effect of the judgment upon the writ of entry.

Even if a bill in equity to set aside the deed so far as necessary in order to protect the plaintiff, and a writ of entry to recover

possession were both available to the plaintiff (*Billings* v. *Mann,* 156 Mass. 203), where it appears that one course has been pursued to judgment or final decree the case ought not to be again decided upon the other, with a possible difference in result. See *Sullivan* v. *Secretary of the Commonwealth,* 233 Mass. 543.

The plaintiff, after the coming in of the master's report, moved to dismiss its bill without prejudice as to John and Annie Rastok. This motion was denied. In the plaintiff's brief it still assents to the dismissal of the bill if such action is without prejudice. While the decree duly entered dismissing the bill might not be a bar to the assertion of any right based upon the judgment of the Land Court, that question ought not to be left in doubt. As was said in *Lloyd* v. *Imperial Machine Stamping & Welding Co.* 224 Mass. 574, 577, "the better practice in such a case is to provide in the decree that the bill is dismissed without prejudice." See also *Bigelow* v. *Winsor,* 1 Gray, 299, 301.

The decree should be modified by providing that the dismissal is without prejudice to the effect of the proceedings in the Land Court, and so modified the decree should be affirmed.

*So ordered.*