ISAM MITCHELL AND COMPANY, INCORPORATED, *vs.*
ZGMOND NORWACH.

Plymouth.   March 22, 1927. — May 21, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Mortgage,* Of real estate: redemption, accounting by mortgagee in possession. *Writ of Entry. Judgment. Equity Pleading and Practice,* Decree: modification on appeal; Costs. *Interest. Equity Jurisdiction,* To redeem from mortgage.

Upon an execution against a man in an action in which a general real estate attachment had been made, the right, title and interest which he had in certain real estate standing in the name of his wife were levied upon and sold to the judgment creditor who, within a year after the sale to him, brought a writ of entry against the judgment debtor and his wife and, after obtaining judgment by default and possession on an execution issuing therein, brought a suit in equity, without previous tender, for an accounting and redemption against a mortgagee who, for breach of condition of his mortgage, had been in possession of the land over two years. From a decree stating the account and ordering redemption on certain conditions, the defendant mortgagee appealed. *Held,* that
  (1) Under G. L. c. 244, § 18, the plaintiff had sufficient title to give him the right to redeem, he having succeeded to the mortgagor's right

by operation of law in proceedings in accordance with G. L. c. 236, §§ 20, 47;

(2) It appearing that the sum named as a requirement for redemption was a sum found by the master over three years before the date of the final decree, so that the account had not been brought down to date of the decree, the decree was ordered modified so that it would state the amount due upon the account at the date of its entry;

(3) Provisions of the decree requiring the defendant to execute an acknowledgment of the receipt of the money when paid, or, if he neglected or refused to accept it, authorizing the payment of it into court, with an execution in favor of the plaintiff for the possession of the land, and the further provision that the plaintiff should hold the mortgage as assignee in accordance with the provisions of G. L. c. 236, § 35, were proper;

(4) The suit having been brought without previous tender and there being no finding that the defendant had been guilty of the neglect or default referred to in G. L. c. 244, § 24, the defendant was entitled to costs.

(5) A clerical error in computation of interest was ordered corrected in the decree.

(6) A further modification of the decree was ordered directing that, upon failure by the plaintiff to pay the sum so found due within the stated time, the bill should be dismissed.

° BILL IN EQUITY, filed in the Superior Court on June 20, 1922, against a mortgagee in possession of real estate, for an accounting and for a redemption from the mortgage.

In the Superior Court, the suit was referred to a master. Material facts found by the master are stated in the opinion. The only finding in the master's report as to funds paid by the defendant to the coöperative bank, first mortgagee, was as follows: "The respondent paid $37.60 for fines to the coöperative bank, which I do not allow." The suit was heard on the master's report by *Cox*, J., by whose order there were entered an interlocutory decree confirming the report and a final decree, described in the opinion. The defendant appealed.

The case was submitted on briefs.

*J. W. Murdoch*, for the defendant.

*W. G. Rowe & R. W. Higgins*, for the plaintiff.

SANDERSON, J.    The plaintiff alleges that it is the owner of certain real estate in Brockton, upon which the defendant holds a mortgage, given to him in 1915 by Annie Rastok; and that on April 15, 1920, the defendant entered on the real

estate for the purpose of foreclosing this mortgage, and has been in possession collecting rents and other income ever since. The plaintiff offers to pay the defendant the amount due on the mortgage and asks for an accounting and for a delivery to it, as its property, of the mortgage and note, upon the payment of the amount due thereon. The answer, among other things, denied that the plaintiff was the owner of the real estate.

The master found that John Rastok, the owner, conveyed this property to his wife, Annie Rastok, by deed dated June 17, 1915, subject to a mortgage for $4,000 held by a coöperative bank. On December 29, 1915, Annie Rastok mortgaged the property to the defendant for $2,000 subject to the bank mortgage, this second mortgage being payable in five years with a power of sale. In July, 1915, the plaintiff brought an action against John Rastok in which a general real estate attachment was made and, on November 5, 1915, recovered judgment, upon which execution issued. On December 3, 1915, the right, title and interest in the property which John Rastok had on July 24, 1915, were taken and, on February 12, 1916, sold to the plaintiff for $869.40. A writ of entry by the plaintiff against Annie Rastok and John Rastok, tenants, demanding possession of the premises, was entered the first Monday of February, 1917, and on March 5, 1917, upon default of the tenants, judgment for title and possession was entered in favor of the demandant. On May 12, 1917, execution issued for title and possession of the land, and possession was given the demandant April 15, 1920. A copy of this execution with the officer's return was duly recorded in the registry of deeds.

The defendant made an entry to foreclose his mortgage April 15, 1920, and has since been in possession collecting the rents and making payments in connection with the property. The master brought the account of income received and expenses incurred by the defendant down to January 1, 1923, and computed interest on the principal of the second mortgage to December 29, 1922. He then allowed as a credit $400 paid in 1917 to prevent a foreclosure of the first

mortgage, and interest thereon for three years, erroneously stated to be $36. The defendant was allowed the amount paid by him on the first mortgage, a stated sum for care of the property for thirty-two months, and also the principal of the second mortgage. The master disallowed an item of $37.60, paid by the defendant to the first mortgagee as fines, and on the basis of the above figures computed the amount due the defendant on January 1, 1925, to be $2,956.09. A decree confirming the report and for redemption was entered September 15, 1926, conditioned upon the payment of that amount, and ordering the delivery by the defendant to the plaintiff of a signed and sealed acknowledgment of the receipt of that sum in payment of the mortgage. The decree further ordered that, in case the defendant should neglect or refuse to accept the payment, the money be deposited for his use with the clerk of court; and that the plaintiff have execution for possession of the land. It was further ordered that upon the payment of this money the plaintiff should hold the land as assignee of the mortgage as provided in G. L. c. 236, § 35. The defendant appealed from this decree.

The plaintiff, having obtained judgment for possession of the property on a writ of entry brought against John and Annie Rastok, and having been given possession on an execution for title and possession, had sufficient title to give him the right to redeem. *Isam Mitchell & Co. Inc.* v. *Rastok*, 241 Mass. 505, 508. G. L. c. 244, § 18, gives the mortgagor or person claiming or holding under him the right to redeem. A person to whom the mortgagor's title has been transferred by operation of law has that right. *Emerson* v. *Atkinson*, 159 Mass. 356, 361. The judgment creditor, who was the purchaser at the sale, brought his action to recover possession of the premises within one year after the return day of the execution in accordance with G. L. c. 236, § 47. That statute is restricted in its scope to instances where title and possession are in a person who is not the debtor. *Cunningham* v. *Bright*, 228 Mass. 385, 388. It is provided in G. L. c. 236, § 20, that if execution is levied on land of which a person other than the debtor is actually

seised, the officer shall deliver to the creditor or his attorney such momentary seisin and possession as will enable the creditor to maintain an action therefor upon his own seisin.

The master's report does not appear to carry the account beyond January 1, 1923, and it would seem that he must be in error in stating as the amount due January 1, 1925, the sum found to be due on the earlier date; and the final decree entered September 15, 1926, authorizes redemption upon the payment of this same amount. There is nothing on the record to indicate that the balance due at the date of the decree was the same as the balance computed to the earlier date. The decree should state the amount due upon the account brought down to the date of its entry. *Brown* v. *South Boston Savings Bank,* 148 Mass. 300, 309. When interest is allowed under G. L. c. 244, § 28, the statute provides that it shall be computed to the date of the decree.

There are no facts appearing of record to justify us in saying that the master erred in disallowing the item of $37.60 paid the first mortgagee as fines. The provisions of the decree requiring the defendant to execute an acknowledgment of the receipt of the money when paid, or, if he neglects or refuses to accept it, authorizing the payment of it into court, with an execution in favor of the plaintiff for the possession of the land, and the further provision that the plaintiff shall hold the mortgage as assignee in accordance with the provisions of G. L. c. 236, § 35, seem to be free from legal objection.

This suit was brought without previous tender. It appears that the condition has not been performed, and there is no finding that the defendant has been guilty of the neglect or default referred to in G. L. c. 244, § 24. It follows that by virtue of that statute the defendant is entitled to costs of suit.

The case is remanded to the trial court for correction in the computation of interest on the $400 item and for the determination of the balance of the account to the date of the entry of the decree; and the decree for redemption is to be conditioned upon the payment of the sum so found to be due with interest to the date of payment and with costs to be

taxed as in an action at law. The decree should also order that upon the failure of the plaintiff to pay the sum so found to be due within the time stated therein, the bill should thereupon be dismissed; as thus amended the decree is affirmed.

*Ordered accordingly.*