S. M. SPENCER MFG. CO. *vs.* HAROLD W. SPENCER & another.

Suffolk.    January 9, 1946. — March 7, 1946.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*Unlawful Interference.  Unfair Competition.  Name.  Equity Pleading and Practice,* Decree;  Master: hearing on report, recommittal; Amendment.

In a suit in equity to enjoin unlawful use of a trade name including the name "Spencer," findings of a master that the name "Spencer" from long usage by the plaintiff had acquired a secondary meaning in the trade; that it meant the plaintiff; that the defendants, knowing the value of the "Spencer" name and intending to deceive the public, had set up near the plaintiff's place of business their own competing place of business, using that name in conjunction with another name;

and that confusion, deception of the public, and harm to the plaintiff were inevitable and had in fact resulted, required an inference that the use of the other name with that of "Spencer" was not enough in the circumstances to distinguish the business of the defendants from that of the plaintiff; and the plaintiff was entitled to effective relief.

Not only a geographical name, but a family surname as well, may acquire a secondary meaning in a trade and become entitled to such protection as is practically possible and reasonably necessary to prevent deception, even to the extent of an injunction absolutely prohibiting the use of the defendant's own personal name as a part of his business or trade name.   Per QUA, J.

In suits for unlawful use of a trade name, courts generally have refused wholly to forbid a defendant to do business in his own name, but they have insisted that he take whatever precautions the circumstances require to prevent deception and to insure that the use of his own name should not be fraudulent as to those who have previously acquired rights to conduct business in the same name.   Per QUA, J.

In a suit in equity against one Harold W. Spencer and one Tabor to enjoin use of their names in unlawful competition with the plaintiff, who had established a right to use the name "Spencer" in business, a decree absolutely prohibiting the use of the word "Spencer" in the defendants' trade style was by this court ordered modified to take the form of enjoining the defendants and each of them from any use of the name "Spencer" in the manner described in the final decree appealed from unless it should be plainly stated by such methods as the trial court should determine that the Spencer associated with the defendants' business was Harold W. Spencer, and unless, wherever the name "Spencer" occurred, there should be added a statement, in such form and size as the trial court should determine, to the effect that the business of the defendant or defendants using the name was not connected in any way with the long established business of the plaintiff.

On appeal in a suit to enjoin unlawful use of a trade name similar to that of the plaintiff, a decree restricting such use within a quarter mile radius of the location of the plaintiff's business in Boston was ordered modified by extending the restriction to the entire city of Boston where it appeared that the established use of the plaintiff's name was in "the trade" and with "the purchasing public" "in and around Boston," and that it had a high reputation, had been widely advertised for over ten years as located in Boston, and was listed in the Boston telephone directory.

No error appeared in the inclusion, in the final decree in a suit to enjoin the defendant from unlawful use of a name similar to the plaintiff's trade name, of an injunction respecting use by the defendant of a certain advertising circular as to which the trial judge received evidence at the hearing on a master's report without recommitting the case to the master.

A supplemental bill in a suit in equity setting up merely a continuance of alleged unlawful conduct of the defendant after the filing of the original bill is unnecessary.

No error appeared in the denial, in a suit in equity to enjoin unlawful use of a trade name, of a motion to recommit the case to a master for an accounting of damages and profits, where the master's report contained no findings as to damages and profits and the record did not disclose what took place at the hearing of the motion.

BILL IN EQUITY, filed in the Superior Court on May 29, 1945.

The case was heard by *Beaudreau*, J., following the filing of a master's report.

*W. R. Morris*, for the defendants.

*R. F. Walker*, for the plaintiff.

QUA, J.  This is a bill to restrain the defendants from using the name "Spencer & Tabor Stamp Works" or any name similar thereto or "so similar to any of the 'Spencer' names by which the plaintiff is known" as to be likely to deceive the public, and for damages.

The defendants appeal from an interlocutory decree overruling their exceptions to the master's original report and confirming his original and supplementary reports.  The plaintiff appeals from orders, which are in effect interlocutory decrees, denying its motion for an amendment to its bill allegedly in the nature of a supplemental bill setting up a continuance of the defendants' wrongful conduct since the filing of the bill, denying its motion for recommittal for an "accounting" of damages and profits, and denying its motion for the entry of a so called "Interlocutory Decree" providing for perpetual injunctive relief in a proposed form annexed to the motion and for an accounting of damages and profits.  All parties appeal from a final decree which granted to the plaintiff injunctive relief only.

Crucial facts found by the master are these: Since about 1872 the plaintiff and its predecessors have been engaged in the business of manufacturing and selling stamps, stencils, and marking devices.  The business was founded by S. M. Spencer, who until his death in 1923 continued to conduct it, either individually or with others, but always under a a style which included the name "Spencer."  From at least 1903 until 1933 the business was conducted under the name "S. M. Spencer Mfg. Co."  In 1933 the plaintiff cor-

poration was organized. It bears the name in which the business had been conducted before its incorporation. From "at least 1899 and until about May, 1945, the plaintiff and its predecessors . . . have been the only concerns in and around Boston engaged in the marking device business under any name or style that included the name 'Spencer.'" Their place of business has been and is at 3 Cornhill in Boston. They have gained a valuable reputation among the trade. In the plaintiff's catalogues, in trade directories, and in other "quite extensive" advertising, the plaintiff has used the name "Spencer," sometimes alone and often in connection with other words, as in "Spencer Co.," "S. M. Spencer Mfg. Co.," "Spencer's Stamp & Stencil Works," "Spencer Stamp & Stencil Co.," "Spencer Marking Devices," and in other combinations. The name "Spencer" is the dominating factor and is the name by which the plaintiff's business is and for many years has been commonly known throughout the trade. The defendant Harold W. Spencer for about twenty years or more has been connected with the stamp and marking device business, first as an employee of several concerns, later as a partner, and later still as officer of a corporation. About May 1, 1945, he formed a partnership with the defendant Tabor, who had had no previous experience in the business. Early in May, 1945, the defendants began equipping a store at 39 Cornhill about one hundred yards from the plaintiff's place of business and on the same side of the street, where by May 28 they began business in competition with the plaintiff and under the name "Spencer & Tabor Stamp Works." For many years the plaintiff has maintained in front of its place of business and above and at right angles to the sidewalk a sign the most prominent words of which are "Spencer," "Stamp," "Stencil," and "Works." The defendants have erected in a similar position in front of their place of business a sign bearing prominently the words "Spencer & Tabor Stamp Works." In other respects there is little similarity between the signs. The name "Spencer," either alone or in connection with other words, has been used by the plaintiff and its predecessors

and has been known to the trade since 1872. It has acquired a high reputation, earned by the plaintiff and its predecessors, and has a great value. Although the name of one of the defendants is Spencer, he has never before used his name in connection with any business with which he has been associated. Between May 28, 1945, when the defendants opened their place of business, and June 7 of that year, when hearings closed before the master, the use of the name "Spencer" by the defendants had already caused "some slight confusion in deliveries of mail and merchandise," and some customers had entered the defendants' store under the mistaken impression that they were entering the plaintiff's store.

The master makes the following additional important findings: The name "Spencer" has been used by the plaintiff and its predecessors for approximately seventy-three years and during all this time has been well known to the trade. It has a high standing in the trade for its products and its business dealings. In the trade it means the plaintiff. The use by the defendants of the name "Spencer" in close proximity to the old established "Spencer" is bound to deceive the purchasing public and is so intended. The use of the name "Spencer" by the defendants has been and will continue to be confusing to the trade. The defendant Spencer well knows that this name has long been established and has great value, and the defendants are using it for that reason. The plaintiff "has been harmed by the actual or probable deception of the public by the defendants."

All of the defendants' objections, all of which were directed to the master's original report, are based on the grounds that the evidence is insufficient in law to warrant the findings or that the subsidiary findings do not warrant the ultimate findings. All of the findings purport to be made upon evidence. None purports to rest solely upon subsidiary findings. The master, in accordance with Rule 90 of the Superior Court (1932), has appended to his report summaries of the evidence relevant to the several objections. These summaries can be used only to determine the question

of law whether the evidence warrants the findings. *Fulgenitti* v. *Cariddi*, 292 Mass. 321, 324. *Minot* v. *Minot, ante,* 253, 261, and cases cited. We have carefully examined all of the summaries of evidence, and we are of opinion that all of the findings are warranted. There was therefore no error in the interlocutory decree overruling the defendants' exceptions to the master's original report and confirming the master's reports.

The judge entered a final decree perpetually enjoining the defendants in connection with any marking device business conducted by them at their present location on Cornhill, or in any location within one quarter mile of the plaintiff's place of business at 3 Cornhill, "from making any use of the name 'Spencer' in their trade style, in or upon any sign or advertisement displayed outside their store or displayed within their store and visible from the street, in or upon their letterheads, advertising and invoices and in any of their listings in telephone and other directories." The decree further enjoined the defendants from publication of a certain "advertising letter," a copy of which was annexed, and provided that no adjudication was made as to the rights of the parties in the event that the defendants should move their business location beyond the quarter mile limit.

On the findings of the master the plaintiff was entitled to effective relief. The most important findings are those substantially to the effect that the name "Spencer" had acquired a secondary meaning in the trade; that it meant the plaintiff; that the defendants, knowing the value of the "Spencer" name and intending to deceive the public, have set up their own competing place of business using that name, in the same area within which the plaintiff has long been established; and that confusion, deception of the public, and harm to the plaintiff were inevitable and have in fact resulted. It is a necessary inference from the findings that the use of the name Tabor in connection with the name "Spencer" (which in the stamp business means the plaintiff) is not enough, in the circumstances, to distinguish the business of the defendants from that of the plaintiff. This case is to be distinguished from cases in which facts com-

parable to those mentioned in this paragraph do not appear. See, for example, *Silbert* v. *Kerstein*, 318 Mass. 476.

Not only a geographical name, but a family surname as well may acquire a secondary meaning in a trade and become entitled to such protection as is practically possible and reasonably necessary to prevent deception. *American Waltham Watch Co.* v. *United States Watch Co.* 173 Mass. 85, 87. *Viano* v. *Baccigalupo*, 183 Mass. 160. *Cohen* v. *Nagle*, 190 Mass. 4, 9. *C. A. Briggs Co.* v. *National Wafer Co.* 215 Mass. 100, 103. *Jackman* v. *Calvert-Distillers Corp. of Massachusetts*, 306 Mass. 423, 424-425. *Cain's Lobster House, Inc.* v. *Cain*, 312 Mass. 512, 515. In case of actual necessity in order to prevent deception it may be that this protection will extend to the point of an absolute prohibition of the use of the defendant's own personal name as a part of his business or trade name and that in such a case the injunctive relief granted by the Superior Court could be justified. *Westphal* v. *Westphal's World's Best Corp.* 216 App. Div. (N. Y.) 53, affirmed 243 N. Y. 639. *J. B. Liebman & Co. Inc.* v. *Leibman*, 135 N. J. Eq. 288. *Vick Medicine Co.* v. *Vick Chemical Co.* 11 Fed. (2d) 33. *De Nobili Cigar Co.* v. *Nobili Cigar Co.* 56 Fed. (2d) 324. *Horlick's Malted Milk Corp.* v. *Horluck's Inc.* 59 Fed. (2d) 13. *Horlick's Malted Milk Co.* v. *Horlick*, 143 Fed. (2d) 32. *R. B. Davis Co.* v. *Davis*, 11 Fed. Sup. 269. *Gerbron, Inc.* v. *Gerbron Cleaners, Inc.* 45 Fed. Sup. 150. Am. Law Inst. Restatement: Torts, § 744, comment d. Compare *Burns* v. *William J. Burns International Detective Agency, Inc.* 235 Mass. 553, 556-557, and cases cited. But we need not decide this point. Courts are naturally reluctant wholly to forbid a man to do business in his own name and have generally refused to do so. They have, however, insisted that he take whatever precautions the circumstances require to prevent deception and to insure that the use of his own name should not be fraudulent as to those who have previously acquired rights in the same name. *Cain's Lobster House, Inc.* v. *Cain*, 312 Mass. 512. *Staples Coal Co.* v. *City Fuel Co.* 316 Mass. 503, 507, and cases cited. *International Silver Co.* v. *Rogers*, 2 Buch. 933. *Herring-Hall-*

*Marvin Safe Co.* v. *Hall's Safe Co.* 208 U. S. 554. *L. E. Waterman Co.* v. *Modern Pen Co.* 235 U. S. 88. *Walter Baker & Co. Ltd.* v. *Sanders*, 80 Fed. 889. *Stix, Baer & Fuller Dry Goods Co.* v. *American Piano Co.* 211 Fed. 271. *Andrew Jergens Co.* v. *Bonded Products Corp.* 13 Fed. (2d) 417, 425. *R. B. Davis Co.* v. *Davis*, 75 Fed. (2d) 499. *John B. Stetson Co.* v. *Stephen L. Stetson Co. Ltd.*, 85 Fed. (2d) 586, *S. C.* 128 Fed. (2d) 981. *John H. Woodbury, Inc.* v. *William A. Woodbury Corp.* 23 Fed. Sup. 162.

In the present case we are not satisfied that it is impossible to protect the plaintiff and at the same time to permit the defendants to use the name of the defendant Spencer, even while they are on Cornhill, if they add such explanation as will make it entirely plain that they are not the plaintiff. The decree should, in general, take the form of enjoining the defendants and each of them from any use of the name "Spencer" in the manner described in the final decree appealed from, unless it is plainly stated by such methods as the court may determine that the Spencer associated with the defendants' business is Harold W. Spencer, and unless wherever the name Spencer occurs there shall be added a statement, in such form and size as the court shall determine, to the effect that the business of the defendant or defendants using the name is not connected in any way with the long established business of S. M. Spencer Mfg. Co. located at 3 Cornhill, or specifying wherever its location may be. *R. B. Davis Co.* v. *Davis*, 75 Fed. (2d) 499. The decree should so clearly differentiate the defendants' business from the plaintiff's business that for practical purposes deception will be eliminated. The defendants must decide whether they prefer to abandon the use of the name Spencer altogether or to use it under the restrictions imposed.

Furthermore, we incline to think that the relief granted was unduly restricted in being made applicable only to Cornhill and its immediate vicinity. It is true that in the findings of the master the infringement by the defendants of the plaintiff's trade name is closely linked with the defendants' Cornhill location, and doubtless the proximity of

the two establishments is a highly aggravating circumstance. Nevertheless, it seems to us that the master's repeated references to "the trade" in the sense, as he says, of "the purchasing public," and the findings as to the exclusive use by the plaintiff for so many years of the "Spencer" name "in and around Boston," as to the great reputation of that name, as to the extent and character for over ten years of the advertising of the plaintiff as located in Boston, and as to its listings in the Boston telephone directory are enough to show that the defendants' interference with the plaintiff's business is not wholly dependent upon the Cornhill location. The defendants should not be left free to move their business a quarter of a mile and then to continue as before. We think that the injunctive relief in the form hereinbefore outlined should extend, as requested by the plaintiff, to the entire city of Boston.

The defendants object to the inclusion in the decree of a specific prohibition against the use by them of a certain advertising circular displaying the "Spencer" name, a copy of which was annexed to the decree. Although the findings of the master do not mention this particular circular, a finding of its use or contemplated use by the defendants would be entirely consistent with, and merely supplementary to, the findings of the master that the defendants were opening a business at 39 Cornhill under the name "Spencer & Tabor Stamp Works." Prohibition of the use of this circular is well within the scope of the bill, and indeed, even if the circular had not been specifically mentioned in the decree, its use would have been forbidden by the terms of the decree, both in the form in which the decree was entered in the court below and in its form as modified by this opinion. We think that in the circumstances it was within the power of the judge at the hearing on the master's report to receive evidence of the use or intended use of the circular without recommitting the case to the master, and that we should assume that he did so. See *McClintic-Marshall Co.* v. *Freedman,* 274 Mass. 558, 561–562. There was no error in referring to the circular in the decree.

Turning next to the plaintiff's appeals upon interlocu-

tory matters, there was no error in the denial of the plaintiff's motion to amend in the nature of a supplemental bill. No amendment was needed. The defendants' wrongful acts and the resulting damage were sufficiently alleged in the original bill. Relief could have been brought down to the date of the decree without additional pleading alleging merely the continuance of these acts. *Bauer* v. *International Waste Co.* 201 Mass. 197, 203–204. *Ensign* v. *Faxon,* 229 Mass. 231, 233. *Isam Mitchell & Co. Inc.* v. *Norwach,* 260 Mass. 33, 37.

The record discloses no error of law in the denial of the plaintiff's motion to recommit for an accounting of damages and profits. The master's report was filed about a month after the defendants began business and contained no findings in reference to damages or profits. The motion to recommit was filed and acted upon about two and one half months later, after a hearing. There is nothing to show what took place at this hearing. The judge may have gone into evidence of the facts and may have found that the damages actually incurred were insignificant or that no basis of fact existed upon which damages could be assessed. *Summerfield Co. of Boston* v. *Prime Furniture Co.* 242 Mass. 149, 153–154.

The plaintiff has not argued its appeal from the denial of its motion for the entry of the proposed "Interlocutory Decree," and that appeal is deemed to have been waived.

The result is that the plaintiff's appeal from the denial of its motion for the entry of the "Interlocutory Decree" is waived; that the other decrees upon interlocutory matters appealed from are affirmed; and that the final decree is to be modified as indicated in this opinion, the details to be settled upon further hearing in the Superior Court, and as modified is affirmed with costs to the plaintiff.

*So ordered.*