PARAMOUNT BEVERAGE COMPANY vs.
DAVIS SQUARE LIQUORS, INC.

Middlesex.    April 3, 1968. — May 6, 1968.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Unfair Competition.   Unlawful Interference.   Equity Pleading and Practice*, Decree.

In a suit in equity by the proprietor of a retail package liquor store against the proprietor of another such store near the plaintiff's store, where it appeared that the defendant acquired its store some years after the establishment of the plaintiff's store, that a slogan used by the plaintiff in connection with its store had acquired a secondary meaning as referring thereto, that the defendant started to use a closely similar slogan in connection with its store, and that there was a substantial risk of confusion of the two stores among potential customers, the plaintiff was entitled to a decree permanently enjoining the defendant from using a slogan similar to the plaintiff's in connection with any such store in the municipality in which the parties' stores were located; it was immaterial that, before the plaintiff used its slogan, the defendant had used its slogan on such a store in an entirely different trading area in another municipality.

BILL IN EQUITY filed in the Superior Court on January 17, 1966.

The suit was heard by *Hennessey, J.*

The case was submitted on briefs.

*Louis Karp* for the defendant.

*Lee H. Kozol* for the plaintiff.

REARDON, J.   The plaintiff brought a bill in equity seeking to enjoin the defendant "from operating any store under any name of which the words 'This Is The Place' is a part." The defendant appeals from a final decree which permanently enjoined it "from using the phrase 'This is the New Place' or any similar phrase or phrases, in connection with any retail alcoholic beverages (package goods) store within the City of Somerville, Massachusetts."

The judge filed a report of material facts which we summarize.   The parties each operate retail package stores in

Paramount Beverage Co. *v.* Davis Square Liquors, Inc.

Somerville. The stores are located approximately 500 yards apart on opposite sides of the same street. The plaintiff's store is in Cutter Square and that of the defendant is in Davis Square. Both stores are visible from the dividing line between the two squares. For some ten years the plaintiff has employed the words "This is the Place" in connection with its enterprise. It has promoted this legend by an illuminated sign inside its store during that time, and by advertising through direct mail, circulars and newspapers between five and ten years. It has also within a period of five to ten years used the words on its stationery and billheads. The jackets of its employees are emblazoned with the slogan. In early 1962 the defendant, which had since 1948 operated a package store in Roxbury, purchased its present store in Davis Square. When in 1948 the defendant's principals acquired the Roxbury store they hung out a sign saying "This is the New Place" and subsequently hung another sign containing the same words on a second store in Roxbury to which they moved and which was located across the street from the first one. The trading area served by the Roxbury stores does not include any part of the trading areas involved with the stores in Davis and Cutter squares. In the last weeks of 1965, the defendant had a sign proclaiming "This is the New Place" affixed perpendicular to the outside of its Davis Square store, the word "New" being larger than the other words and set off by a distinctive color. The judge found that in December, 1965, " 'This is the Place' had a particular and distinctive meaning in and around Davis Square, Somerville, which was synonymous with Paramount Beverage, the Plaintiff's . . . store," that the use of the words "This is the New Place" created a substantial risk that potential customers would be misled into confusing the two stores, and that the plaintiff had endeavored to protect the words "This is the Place" in its trading area by "securing a trademark pursuant to · . . . General Laws, Chapter 110, § 8, on January 21, 1965, [and] making demand on [the] defendant to cease use of the name 'This is the New Place.' "

We find no fault with the decree. The judge found quite reasonably on what was before him that the phrase "This is the Place" had acquired a secondary meaning. Under principles elucidated in *American Waltham Watch Co.* v. *United States Watch Co.* 173 Mass. 85, and still the law, the plaintiff became entitled to relief. See *S. M. Spencer Mfg. Co.* v. *Spencer,* 319 Mass. 331, 337; *H. P. Hood & Sons, Inc.* v. *Whiting Milk Co.* 345 Mass. 287; *Great Scott Food Mkt. Inc.* v. *Sunderland Wonder Inc.* 348 Mass. 320, 323. In addition, as the plaintiff has rightly contended, it is entitled to relief on a second theory. Even in the absence of proof of deception of the public, the fact that the similarities in the slogans in this case may create a reasonable probability that purchasers using ordinary care may be led to trade with the defendant in the belief that they are trading with the plaintiff will form a basis for relief. *Blair's Foodland Inc.* v. *Shuman's Foodland, Inc.* 311 Mass. 172, 174, 175. *Cain's Lobster House, Inc.* v. *Cain,* 312 Mass. 512, 514. *Jays Inc.* v. *Jay-Originals Inc.* 321 Mass. 737, 740. That the defendant has used the words "This is the New Place" in Roxbury does not in any sense vitiate the decree which the judge entered. *Blair's Foodland Inc.* v. *Shuman's Foodland, Inc.,* supra, at p. 177. See *Great Scott Food Mkt. Inc.* v. *Sunderland Wonder Inc.,* supra, at p. 324. Finally, it may be stated that the decree in enjoining not only the defendant but its officers, agents and servants from using the phrase " 'This is the New Place' or any similar phrase or phrases" is not too broad, as reference to *Summerfield Co. of Boston* v. *Prime Furniture Co.* 242 Mass. 149, 152, 156, will indicate.

*Decree affirmed with costs.*