NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1265

KRULEWICH, CASHER, P.C.

vs.

STEFANO PICCIOTTO & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendants appeal from a Superior Court judge's allowance, pursuant to G. L. c. 235, § 17 (section 17), of the plaintiff's verified motion for issuance of an alias execution. On appeal, the defendants claim (1) the judge erred by misinterpreting section 17; (2) the judge erred by "redrafting [the plaintiff]'s motion" to grant relief that was not requested; and (3) we should revisit and vacate the underlying judgment on which the alias execution issued.  We affirm.

1.  Section 17.  The defendants first claim that the judge misinterpreted the term "return day" under section 17.  Their

_____

[1] Judith Picciotto; Melita Picciotto; Athena Picciotto; and Foreign Car Center, Inc.

position is comprised of two components: (1) that "return day" refers not to the date twenty years after the date of the judgment, see G. L. c. 235, § 23 ("original executions shall be made returnable within twenty years after the date of the judgment"), but rather to the "actual date [the original execution] [i]s returned [to the court]"; and (2) if an original execution is lost, such that there is no "return day" under the defendants' interpretation of the term, section 17 does not allow for the issuance of an alias execution. We disagree.

The defendants claim that, because section 17 also utilizes the terms "return" and "returned" to describe the physical return of an execution to the issuing court, the term "return day" must refer to the date of physical return. However, contrary to the defendants' claim, the Supreme Judicial Court has distinguished the term "return day" from the date of physical return. See Chesebro v. Barme, 163 Mass. 79, 80 (1895) ("there is no prohibition against returning the execution into court before or after the return day"). Rather than the date of physical return, "return day" refers to the date on which the execution is made returnable under G. L. c. 235, § 23. See id. ("By our statute, Pub. Sts. c. 171, § 22 [(now G. L. c. 235, § 23)], an execution must be made returnable in sixty days from its date. This is not equivalent to saying that an execution can be returned to court only upon its statute return day").

2

See also Commissioner of Banks v. Cosmopolitan Trust Co., 247

Mass. 334, 344 (1924) ("The words of said [G. L. c. 158,] § 46,

requiring that 'the execution has been returned unsatisfied,' do

not mean that such return cannot take place until sixty days

after its date, which is the common return day of executions").

The judge did not err in his interpretation of the term "return

day" under section 17.

Next, the defendants claim that the judge erred in his

interpretation of the term "alias execution" under section 17.

The defendants maintain that the term "alias execution" refers

not to a "copy" or "duplicate" execution, but rather a "second"

or "subsequent" execution that is substantively different from

the original execution. Therefore, the defendants' argument

follows, section 17 does not contemplate the issuance of a

duplicate original execution. Again, we disagree.

In support of their argument, the defendants rely on the

Black's Law Dictionary definition of "alias execution," which

states, "[a] second execution issued to enforce a judgment not

fully satisfied by the original writ" (emphasis added). Black's

Law Dictionary 714 (11th ed. 2019). The defendants cite no

legal authority in their brief for the proposition that a

"second" execution cannot be a duplicate of the original

execution. Even if it was not waived under Mass. R. A. P.

3

16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019),[2] the defendants' argument conflicts with the first definition of "alias" contained in Black's Law Dictionary, supra at 90 ("[i]ssued after the first instrument has not been effective or resulted in action"), and with the Supreme Judicial Court's interpretation of the term "alias execution." See Isam Mitchell & Co. v. Rastok, 241 Mass. 505, 508 (1922) ("because of the loss of the original, a duplicate original alias execution was issued as of the same date as the original"). The judge did not err in his interpretation of the term "alias execution."

Next, the defendants also claim that the judge erred in allowing the plaintiff's verified motion for issuance of an alias execution because the plaintiff "provided no verified facts to excuse her loss of the intrinsically valuable [original execution]." Again, the defendants fail to cite legal authority in their brief for the proposition that a judgment creditor must set forth verified facts excusing the loss of an original execution to obtain an alias execution. Even if it were not waived under rule 16 (a) (9) (A), the defendants' claim is not supported by the record, as the plaintiff provided verified

---

[2] Under rule 16 (a) (9) (A), an appellant's brief must support each contention "with citations to the authorities . . . on which the appellant relies." We will not consider issues that fail to rise to the level of an appellate argument.

4

facts explaining the loss of the original execution in her verified motion for issuance of an alias execution.

2. General equity jurisdiction. The defendants further claim that the judge's reliance on section 17 amounted to an improper, "sua sponte redrafting [of the plaintiff]'s motion," when said motion cited only G. L. c. 235, § 19, as the basis for issuing the alias execution.

Again, the defendants cite no legal authority for the proposition that the judge, in ruling on the plaintiff's motion, was required to limit his inquiry to the set of legal authorities cited by the plaintiff. Notwithstanding that the argument is waived under rule 16 (a) (9) (A), the judge did not err, as the Superior Court is granted general equity jurisdiction. G. L. c. 214, § 1. "It is well settled that a court of equity, having acquired jurisdiction of a subject-matter in controversy between parties, will, as far as possible, settle all questions in litigation touching it, and do complete justice to all parties, so that there may be an end of controversy" (quotation omitted). Lynn Inst. for Sav. v. Taff, 314 Mass. 380, 384-385 (1943). The judge properly acted in accordance with the Superior Court's general equity power by considering section 17.

3. Review of underlying judgment. Finally, the defendants request that we revisit and vacate the underlying judgment on

5

which the alias execution issued.  This we cannot do.  Because the defendants did not file a notice of appeal from that judgment, it is not before us.  See Mass. R. A. P. 4 (a), as appearing in 481 Mass. 1606 (2019).  The issues before us are limited to those stemming from the judge's decision and order on the plaintiff's motion for issuance of an alias execution.

Additionally, "[t]here can be no appeal from final decree or judgment entered substantially in accordance with a mandate or rescript of an appellate court."  In re Boston, 223 Mass. 36, 36 (1916).  This court previously affirmed the underlying judgment on appeal, see Krulewich Casher, PC v. Picciotto, 91 Mass. App. Ct. 1128 (2017), and a final judgment after rescript entered accordingly.  Therefore, we do not have jurisdiction to review the underlying judgment.  The judge did not err in allowing the verified motion for issuance of an alias execution.

Order affirmed.

By the Court (Meade,
Hershfang & Toone, JJ.[3]),

Clerk

Entered:  October 29, 2024.

---

[3] The panelists are listed in order of seniority.

6